UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   15-CV-4110 (CBA)(RML)
JONATHAN ALVAREZ,

                                  Plaintiff,   **FIRST AMENDED COMPLAINT**

                   -against-   JURY TRIAL DEMANDED

THE CITY OF NEW YORK, POLICE OFFICER
RICHARD SAGISTANO, POLICE OFFICER
BRANDON DILDY, POLICE OFFICER DENNIS
LOPEZ, POLICE OFFICER HARSIMAR SINGH,
SERGEANT BRIAN TIERNAN, and POLICE   ECF CASE
OFFICERS "JOHN DOE" 1-3 of the 102nd Precinct,
Individually and in their official capacity, (the names John
Doe being fictitious, as the true names and numbers are
presently unknown),

                                  Defendants.
------------------------------------------------------------------X

       Plaintiff JONATHAN ALVAREZ, by his attorney CHRISTOPHER H. FITZGERALD, complaining of the defendants, respectfully alleges the following:

## I.     PRELIMINARY STATEMENT

1. Plaintiff JONATHAN ALVAREZ, ("Plaintiff"), brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to the statutory and common law of the State of New York for assault and battery, negligence, intentional infliction of emotional distress, and negligent hiring and supervision.

2. Plaintiff also brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## II.     JURISDICTION

3. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

4. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

## III.     VENUE

5. Venue is proper for the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§ 1391(a), (b), and (c) and §1402(b), where the plaintiff resides and the defendant CITY of NEW YORK maintains its relevant places of business, and where the majority of the actions complained of herein occurred.

## IV.     JURY DEMAND

6. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## V.     THE PARTIES

7. That at all times hereinafter mentioned, the plaintiff was a resident of the County of the Queens, City and State of New York.

8. That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, was and is a municipal corporation, duly organized and existing under by virtue of the laws of the State of New York.

9. That at all times hereinafter mentioned, the defendant, NEW YORK CITY POLICE DEPARTMENT, was and is a municipal corporation, duly organized and existing under by virtue of the laws of the State of New York.

10. That at all times hereinafter mentioned, defendants POLICE OFFICER RICHARD SAGISTANO, POLICE OFFICER BRANDON DILDY, POLICE OFFICER DENNIS LOPEZ, POLICE OFFICER HARSIMAR SINGH, SERGEANT BRIAN TIERNAN, and POLICE OFFICERS "JOHN DOE" 1-3 were and still are employed by the NEW YORK CITY POLICE DEPARTMENT.

11. That prior to the institution of this action, a Notice of Claim was duly served upon and filed with the CITY OF NEW YORK on behalf of the plaintiff within the time required by General Municipal Law §50(e).

12. That on or about December 23, 2014, a hearing was conducted by the CITY OF NEW YORK pursuant to General Municipal Law §50(h).

13. That at all times hereinafter mentioned, the defendant officers were acting within the scope and course of their employment with the New York City Police Department, and under color of state law.

14. That at all times hereinafter mentioned, all of the actions of the individual defendants alleged herein were done within the scope and course of their employment with the New York City Police Department.

15. That all of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules 1602 with respect to joint and several liability.

### VI. STATEMENT OF FACTS

16. On or about the date of July 12, 2014, at approximately 8:30pm, plaintiff JONATHAN ALVAREZ ("ALVAREZ" of "PLAINTIFF") was lawfully at the exit of Forest Park, in Woodhaven, County of Queens, City and State of New York.

17. At that time and on that date, plaintiff was with approximately seven companions, most of whom are teenagers of color.

18. On the date and time in question, plaintiff and his seven companions were in the process of exiting Forest Park, on the stairway located at approximately 91st Street and Park Lane South.

19. As plaintiff and his companions walked down the staircase to exit the park, two white males dressed in sports jersey approached them. Upon information and belief, these were defendants POLICE OFFICER RICHARD SAGISTANO ("SAGISTANO") and SERGEANT BRIAN TIERNAN ("TIERNAN").

20. Without identifying himself and without provocation, one of these men (SAGISTANO or TIERNAN) grabbed plaintiff and shoved him, while asking if plaintiff had any weapons.

21. Plaintiff verbally questioned the identities and authority of these two men.

22. The two men refused to identify themselves.

23. The unidentified male then pushed plaintiff up the stairs causing him to lose his balance.

24. Plaintiff felt threatened and took out his cell phone, intending to record any further interaction.

25. At this point, one of the unidentified officers grabbed the phone out of plaintiff's hand and threw it on the ground, then pushed plaintiff to the ground.

26. While on the ground plaintiff put his hands behind his back. The unidentified officer grabbed plaintiff's hand and twisted plaintiff's arm for several minutes, gratuitously and punitively causing pain.

27. The other male officer (SAGISTANO or TIERNAN) reached for his gun. Plaintiff begged this person not to shoot.

28. Plaintiff was placed in handcuffs, and was forcibly taken to an unmarked vehicle located on Park Lane South.

29. The unidentified police officers started choking and punching plaintiff's ribs and face and forced him to get into the unmarked vehicle.

30. One of plaintiff's companions, Giovanni Mejias, was also handcuffed and forcibly placed in a separate unmarked vehicle for allegedly video recording the incident. Both Mejias and plaintiff were taken to the 102nd Precinct.

31. While inside the confines of the precinct, and while handcuffed, plaintiff was violently set upon by a group of 7 or 8 NYPD officers, some in uniform and some plain clothed. Among them were, upon information and belief, defendants SAGISTANO and TIERNAN, POLICE OFFICER DENNIS LOPEZ ("LOPEZ"),

POLICE OFFICER HARSIMAR SINGH ("SINGH"), POLICE OFFICER BRANDON DILDY and POLICE OFFICERS "JOHN DOE" 1-3.

32. These individuals took plaintiff to the ground and proceeded to punch and/or kick him in the head, torso and limbs. One of the unidentified officers who arrested him punched plaintiff in the face.

33. Plaintiff, a high school student at the time, was thereafter taken to Queens Central Booking and held overnight and did not see a judge until 8:00am the next day.

34. Plaintiff's mother and step-father came to the 102nd Precinct but were not permitted to see their son.

35. After being released plaintiff went to New York Hospital on Flushing, Main Street.

36. Due to the violent acts of defendants SAGISTANO, DILDY, LOPEZ, SINGH, TIERNAN, AND POLICE OFFICERS "JOHN DOE" 1-3, plaintiff suffered, *inter alia*, head trauma; pain, swelling, and numbness to the wrists and hands; bruising to the body, face, and neck; multiple lacerations and contusions to his limbs, head, and torso.

37. Plaintiff further suffered severe anxiety, humiliation, and embarrassment; damage to personal reputation; apprehension, fear and distrust of the police; and severe emotional and psychological trauma

38. Plaintiff continues to suffer from the painful and debilitating injuries caused on July 12, 2014.

6

**FIRST CLAIM FOR RELIEF:**
**ASSAULT UNDER STATE LAW**

39. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

40. On July 12, 2014, defendants SAGISTANO, DILDY, LOPEZ, SINGH, TIERNAN, and POLICE OFFICERS "JOHN DOE" 1-3, acted with the intent to cause plaintiff to fear for his own physical safety and to fear that violent contact was imminent by behaving toward plaintiff in an aggressive manner.

41. Defendants SAGISTANO, DILDY, LOPEZ, SINGH, TIERNAN, AND POLICE OFFICERS "JOHN DOE" 1-3, acted with the intent to harass, annoy, and/or alarm the plaintiff.

42. Defendants SAGISTANO, DILDY, LOPEZ, SINGH, TIERNAN, AND POLICE OFFICERS "JOHN DOE" 1-3, acted voluntarily and with the intent and the desire to cause plaintiff to fear for his own physical safety and to fear that violent contact was imminent.

43. Defendants SAGISTANO, DILDY, LOPEZ, SINGH, TIERNAN, AND POLICE OFFICERS "JOHN DOE" 1-3, acted voluntarily and with the knowledge—with substantial certainty—that their actions would cause the plaintiff to fear for his own physical safety and to fear that violent contact was imminent.

44. Defendants SAGISTANO, DILDY, LOPEZ, SINGH, TIERNAN, AND POLICE OFFICERS "JOHN DOE" 1-3 threatened to strike, shove, kick or

7

otherwise subject plaintiff to physical contact with the intent to harass, annoy or alarm plaintiff.

45. Defendants SAGISTANO, DILDY, LOPEZ, SINGH, TIERNAN, AND POLICE OFFICERS "JOHN DOE" 1-3 had the real and apparent ability to carry out their implied and explicit threats of violent contact.

46. As a result of Defendants SAGISTANO, DILDY, LOPEZ, SINGH, TIERNAN, AND POLICE OFFICERS "JOHN DOE" 1-3 actions, plaintiff became apprehensive and feared for his own physical safety and feared that violent contact was imminent.

47. Defendants CITY OF NEW YORK are vicariously liable for the actions of Defendants SAGISTANO, DILDY, LOPEZ, SINGH, TIERNAN, AND POLICE OFFICERS "JOHN DOE" 1-3 as these individual defendants were acting in furtherance of NYPD business and within the scope of NYPD authority.

48. At all times mentioned herein, the CITY OF NEW YORK is responsible for the plaintiff's injury and damages as SAGISTANO, DILDY, LOPEZ, SINGH, TIERNAN, AND POLICE OFFICERS "JOHN DOE" 1-3 were acting in furtherance of NYPD business and within the scope of NYPD authority.

**SECOND CLAIM FOR RELIEF:**
**BATTERY UNDER STATE LAW**

49. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

50. On July 12, 2014, Defendants SAGISTANO, DILDY, LOPEZ, SINGH, TIERNAN, AND POLICE OFFICERS "JOHN DOE" 1-3 intentionally made physical contact with plaintiff.

51. Defendant DILDY, in particular, admits that he punched plaintiff in the stomach.

52. This physical contact was violent, offensive, and without plaintiff's consent.

53. This contact was without provocation and without priviledge.

54. This violent physical contact caused severe physical and psychological injuries to plaintiff.

55. Defendants SAGISTANO, DILDY, LOPEZ, SINGH, TIERNAN, AND POLICE OFFICERS "JOHN DOE" 1-3 acted voluntarily and intentionally, and with the purpose of physically harming the plaintiff.

56. Defendants SAGISTANO, DILDY, LOPEZ, SINGH, TIERNAN, AND POLICE OFFICERS "JOHN DOE" 1-3 struck, shoved, kicked or otherwise subjected plaintiff to physical contact.

57. Defendants SAGISTANO, DILDY, LOPEZ, SINGH, TIERNAN, AND POLICE OFFICERS "JOHN DOE" 1-3 acted with the intent to cause plaintiff physical harm, and to harass, annoy or alarm plaintiff.

58. Defendant the CITY OF NEW YORK is vicariously liable for the actions of Defendants SAGISTANO, DILDY, LOPEZ, SINGH, TIERNAN, AND POLICE OFFICERS "JOHN DOE" 1-3 as these individual defendants were acting in furtherance of NYPD business and within the scope of NYPD authority.

59. At all times mentioned herein, the CITY OF NEW YORK is responsible for the plaintiff's injury and damages as SAGISTANO, DILDY, LOPEZ, SINGH, TIERNAN, AND POLICE OFFICERS "JOHN DOE" 1-3, were acting in furtherance of NYPD business and within the scope of NYPD authority.

### THIRD CLAIM FOR RELIEF:
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### UNDER STATE LAW

60. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

61. Defendants SAGISTANO, DILDY, LOPEZ, SINGH, TIERNAN, AND POLICE OFFICERS "JOHN DOE" 1-3 conduct of July 12, 2014 was shocking and outrageous, exceeding all reasonable bounds of decency.

62. Defendants SAGISTANO, DILDY, LOPEZ, SINGH, TIERNAN, AND POLICE OFFICERS "JOHN DOE" 1-3 conduct was intentional, and with the purpose to cause plaintiff severe emotional distress.

63. Defendants SAGISTANO, DILDY, LOPEZ, SINGH, TIERNAN, AND POLICE OFFICERS "JOHN DOE" 1-3 acted voluntarily, and with the desire to cause plaintiff severe emotional distress.

64. Defendants SAGISTANO, DILDY, LOPEZ, SINGH, TIERNAN, AND POLICE OFFICERS "JOHN DOE" 1-3 conduct was reckless, and with an utter disregard for the consequences that followed.

65. Defendants SAGISTANO, DILDY, LOPEZ, SINGH, TIERNAN, AND POLICE OFFICERS "JOHN DOE" 1-3 struck, shoved, kicked or otherwise subjected plaintiff to physical contact.

66. Defendants SAGISTANO, DILDY, LOPEZ, SINGH, TIERNAN, AND POLICE OFFICERS "JOHN DOE" 1-3 acted with the intent to cause plaintiff physical harm, and to harass, annoy or alarm plaintiff.

67. Defendants SAGISTANO, DILDY, LOPEZ, SINGH, TIERNAN, AND POLICE OFFICERS "JOHN DOE" 1-3' conduct has caused plaintiff severe emotional distress.

68. Defendants CITY OF NEW YORK are vicariously liable for the actions of Defendants SAGISTANO, DILDY, LOPEZ, SINGH, TIERNAN, AND POLICE OFFICERS "JOHN DOE" 1-3 as these individual defendants were acting in furtherance of NYPD business and within the scope of NYPD authority.

69. At all times mentioned herein, the CITY OF NEW YORK is responsible for the plaintiff's injury and damages as SAGISTANO, DILDY, LOPEZ, SINGH, TIERNAN, AND POLICE OFFICERS "JOHN DOE" 1-3, was acting in furtherance of NYPD business and within the scope of NYPD authority.

**FOURTH CLAIM FOR RELIEF:**
**VICARIOUS LIABILITY UNDER STATE LAW**

70. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

71. At all times on or about July 12, 2014, Defendants SAGISTANO, DILDY, LOPEZ, SINGH, TIERNAN, AND POLICE OFFICERS "JOHN DOE" 1-3 were acting within furtherance of NYPD business, and within the scope of their authority as Police detectives.

72. Upon information and belief, the incident complained of herein—the 102nd Precinct of the New York City Police Department—was and still is Defendants SAGISTANO, DILDY, LOPEZ, SINGH, TIERNAN, AND POLICE OFFICERS "JOHN DOE" 1-3' place of employment.

73. Upon information and belief, defendants SAGISTANO, DILDY, LOPEZ, SINGH, TIERNAN, AND POLICE OFFICERS "JOHN DOE" 1-3 had a histories of violent and disturbing behavior, which, by their inaction, has been ratified and approved by NYPD and the CITY OF NEW YORK.

### FIFTH CLAIM FOR RELIEF: NEGLIGENT HIRING, RETENTION AND/OR SUPERVISION UNDER STATE LAW

74. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

75. THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT ("NYPD") has a duty to use reasonable care in the employment, training and supervision of its employees.

76. This includes a duty to investigate and find out whether employees are competent to do work without danger of harm to others.

77. The NYPD knew or should have known that Defendants SAGISTANO, DILDY, LOPEZ, SINGH, TIERNAN, AND POLICE OFFICERS "JOHN DOE" 1-3 were incompetent, had vicious propensity, and/or have a bad disposition.

78. The NYPD could have easily anticipated the assault and battery of July 12, 2014.

79. The NYPD failed to adequately investigate and correct Defendants SAGISTANO, DILDY, LOPEZ, SINGH, TIERNAN, AND POLICE OFFICERS "JOHN DOE" 1-3 disposition and propensity.

80. Because of this history, the attack of July 12, 2014 was a foreseeable consequence of NYPD' failure to adequately train, reprimand, or re-assign Defendants SAGISTANO, DILDY, LOPEZ, SINGH, TIERNAN, AND POLICE OFFICERS "JOHN DOE" 1-3.

81. Because of NYPD' failure to take appropriate action, plaintiff has suffered the injuries claimed herein.

### SIXTH CLAIM FOR RELIEF:
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. §1983

82. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

83. At the time of plaintiff's arrest, there was no credible evidence that plaintiff had committed a crime.

84. All of the aforementioned acts of the Defendant CITY OF NEW YORK, and the individual defendants and their agents, servants, and employees, were carried out under the color of state law.

85. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eight, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

86. The acts complained of were carried out by the aforementioned individual defendants, in particular SAGISTANO, DILDY, LOPEZ, SINGH, TIERNAN, AND POLICE OFFICERS "JOHN DOE" 1-3, in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

87. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to their customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under supervision of said department.

88. The individual defendants, and defendant CITY OF NEW YORK, collectively and individually, while acting under color of state law, engaged in Constitutionally violative conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

89. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer physical, psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

### SEVENTH CLAIM FOR RELIEF: FALSE ARREST UNDER 42 U.S.C. §1983

90. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

91. Plaintiff was arrested in the absence of probable cause, at the direction of, or under practices, policies or customs promulgated by the NEW YORK CITY POLICE DEPARTMENT and CITY OF NEW YORK.

92. As a result of the aforesaid conduct by defendants SAGISTANO, DILDY, LOPEZ, SINGH, SERGEANT TIERNAN, AND POLICE OFFICERS "JOHN DOE" 1-3, plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

93. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer physical, psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

94. As a result of defendants' impermissible conduct, plaintiff demands judgment against defendants in a sum of money to be determined at trial.

**EIGHTH CLAIM FOR RELIEF:**
**FALSE ARREST AND FALSE IMPRISONMENT UNDER STATE LAW**

95.  Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

96.  That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK assumed responsibility, supervision, and authority of the NEW YORK CITY POLICE DEPARTMENT and its agents, servants and employees, and is liable to plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior*.

97.  At the aforementioned times and locations, plaintiff was detained and held under the imprisonment and control of the defendants SAGISTANO, DILDY, LOPEZ, SINGH, TIERNAN, AND POLICE OFFICERS "JOHN DOE" 1-3 under false pretenses.

98.  At the aforementioned times and locations, due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the NEW YORK CITY POLICE DEPARMENT, falsely arrested and imprisoned the plaintiff without warrant, authority of law or probable cause therefore.

99. That the acts and conduct on the part of the individual defendants constituting the false arrest and false imprisonment consisted in part of the following: unlawfully and intentionally detaining and confining plaintiff against his will and without his consent; unlawfully and intentionally detaining and confining plaintiff without privilege, probable cause or valid legal process; unlawfully detaining and confining plaintiff through the unlawful arrest of plaintiff; unlawfully detaining and confining plaintiff; unlawfully arresting plaintiff and placing his in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of plaintiff.

100. That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

101. That plaintiff was conscious of the confinement.

102. That as a direct, sole and proximate result of the false arrest, imprisonment, and excessive force, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

103. By the actions described above, the individual and municipal defendants caused plaintiff to be falsely arrested and/or falsely imprisoned plaintiff without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the

plaintiff and violated his statutory and common law rights as guaranteed by the law of the Constitution of the State of New York.

104. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer physical, psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

   a. Compensatory damages;
   b. Punitive damages;
   c. The convening and empaneling of a jury to consider the merits of the claims herein;
   d. Costs and interest and attorney's fees;
   e. Such other and further relief as this court may deem appropriate and equitable.

DATED:

New York, New York
March 30, 2016

                                                               Respectfully submitted,

                                                               **The Law Office of**
                                                               **Christopher H. Fitzgerald**
                                                               *Counsel for Plaintiff*

                                                               ____/s/_____
                                                               By: Christopher H. Fitzgerald, Esq.
                                                               (CF7339)
                                                               233 Broadway, Suite 2348
                                                               New York, NY 10279
                                                               (212)226-2275